William J. Regan, S.
The above-named decedent died on April 2, 1913. The last will and testament was admitted to probate in this court on May 15, 1913 and letters testamentary were issued to John Boldt. John Boldt died on December 23, 1943 and no further proceedings were had in this court. There remains at this time unadministered property and assets of the estate and an application was filed for letters of administration, c. t. a., which were issued to Loretta F. Dietrich on August 27, 1971. This same application requested that the court determine the construction and effect of a certain paragraph of decedent’s will. The court reserved its decision as to that matter.
Paragraph Third of the will states in part: ‘ ‘ said Elmer Boldt shall have the use of said twenty four acres of land for and in, and during his natural life and the same shall not be sold or disposed of until after his death. After the death *986 of Elmer Boldt said twenty four acres of land shall he equally divided among my heirs living at the time of his death.”
When Elmer Boldt died in 1957 the distributees of the testator consisted of 42 persons, including one daughter, several grandchildren and a number of great grandchildren. The guardian ad litem in this proceeding appeared for the only two infants, great grandchildren, and urges that a per capita distribution be followed, specifically because of the words “ equally divided ” in Paragraph Third above quoted.
The use of the word “ distributee ” has replaced the terminology of heirs, heirs at law, next of kin, etc. The old Decedent Estate Law (§§ 47-a, 47-c) have been incorporated now in the EPTL.
“EPTL 2-1.2 Issue to take per capita or per stirpes “ Whenever a disposition or distribution of property is made to ‘ issue ’, such issue, if in equal degree of consanguinity to their common ancestor, take per capita, but if in unequal degree, per stirpes, unless a contrary intention is expressed.”
From decedent’s will it is apparent to this court that the testator was interested in his family and would necessarily be more specifically interested in the degree of consanguinity and surely would be more solicitous of the welfare of a child than of more remote issue, as in this case great grandchildren whom he never knew.
Therefore, this court will apply the more reasonable determination in this construction proceeding to the effect that there ■should be a per stirpes distribution therein.